PRECISION PRODUCTS CORPORATION, PLAINTIFF-APPEL-
LEE, v. BERNARD MILLER, DEFENDANT-APPELLANT.

Argued October 7, 1924—Decided January 30, 1925.

Contracts—Recovery on "Check"—Action Styled "in Tort"—
Also Brought by Treasurer of Corporation for Whose Bene-
fit Check Was Given—Opportunity to Amend State of De-
mand in Respect to Plaintiff, and Judgment Thereupon
Given for Amount of "Note"—Reversal and Proper Trial
Ordered.

On appeal from the District Court.

Before Justices Trenchard, Minturn and Lloyd.

For the appellant, *Christopher P. Connolly.*

For the appellee, *William J. McFadden.*

Per Curiam.

This was an action brought by "George L. Hall, Treasurer,"
plaintiff, to recover $500 on a *check,* made by the defendant
and payable to the order of "George L. Hall, Treasurer." The
action was styled "in tort." The defendant, on the return
day in the District Court, moved to strike out the complaint
on the ground of misjoinder and non-joinder of the parties,
and on the further ground that the plaintiff sued as agent,
not as principal. This motion was overruled.

Thereafter, on *June 26th, 1924,* the cause came on for
trial. Hall testified that he was treasurer of the Precision
Products Corporation, and that the check was given to him
in discharge of a contract obligation of the defendant to the
Precision Products Corporation.

Thereupon, the defendant moved to nonsuit on the ground,
first, that the action was brought in tort, and should have
been on contract: secondly, that the plaintiff in the action,
George L. Hall, treasurer, had no authority to sue for or
on behalf of the Precision Products Corporation, which mo-

tion was denied. The defendant then "asked the court for a finding and judgment" in his favor. The agreed case then says that "after argument, the court continued the case until August 5th, 1924, and allowed counsel for defendant two weeks in which to file and serve on plaintiff's attorney a brief of authorities." The agreed case continues: "Thereupon, on *June 27th, 1924,* the court made the following order in the said cause: "The state of demand is to be amended to make the Precision Products Corporation plaintiff. Judgment then to be entered against defendant for the amount of the *note.'*" This, it is asserted, and the presumption is, was done in the absence of the defendant.

We think there should be a reversal and a proper trial, at which appropriate motions for appropriate amendments of process and pleadings may be made and dealt with in the presence of the defendant.

The judgment will be reversed and a *venire de novo* awarded.